UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-172-RLV
(5:03-cr-12-RLV-CH-5)

| | | |
|---|---|---|
| COREY ANTOINE TABOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 2), and on the Government's Response to the Motion to Vacate, (Doc. No. 8). Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina. Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate.

**I. BACKGROUND**

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on February 25, 2003, and charged, along with eleven others, with conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846; and one count of possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841. (Criminal Case No. 5:03cr12: Doc. No. 3: Sealed Indictment). Contemporaneous with the indictment, the Government filed a notice listing Petitioner's four prior drug convictions. (Id., Doc. No. 9). At that time, based on the amount

1

alleged in the indictment and Petitioner's prior convictions, Petitioner faced mandatory life imprisonment if convicted of the conspiracy count. See 21 U.S.C. § 841(b)(1).

Several months later, Petitioner entered into a plea agreement with the Government, in which he agreed to plead guilty to the conspiracy charge, and the Government agreed to dismiss the remaining § 841 count. See (Id., Doc. No. 149: Plea Agreement). In the written agreement, Petitioner acknowledged that he faced mandatory life imprisonment for the offense, acknowledged that the career offender provision of U.S.S.G. § 4B1.1 may apply to the determination of his sentence, agreed that he was responsible for at least 150 grams but less than 500 grams of cocaine base, agreed to waive his rights to challenge his conviction or sentence on appeal or in any post-conviction proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct, and agreed to cooperate with the Government. See (Id. at ¶¶ 1; 2; 3; 4(a); 4(c); 16; 20). Sometime after entering his guilty plea, Petitioner absconded from supervision for four years. See (Id., Doc. No. 347 at ¶ 9).

Prior to sentencing, a probation officer prepared a pre-sentence report ("PSR") describing Petitioner's offense conduct, calculating Petitioner's total offense level, and summarizing Petitioner's criminal history. (Id., Doc. No. 347: PSR). The probation officer recommended that Petitioner be designated a career offender, in light of his prior drug convictions, and, as such, recommended that his total offense level was 37. (Id. at ¶ 39). Without the career offender designation, Petitioner faced an offense level of 34. (Id. at ¶ 38). The probation officer also determined that Petitioner had amassed fifteen criminal history points, placing him in criminal history category VI, the same category he would be in as a career offender. (Id. at ¶¶ 44-64). With a total offense level of 37 and criminal history category of VI, Petitioner faced an advisory guideline range of 360 months to life in prison. (Id. at ¶ 95). But, because of Petitioner's prior

drug convictions, he faced a statutory sentence of life imprisonment. (Id. at ¶ 94). Petitioner never objected to his designation as a career offender.

This Court convened the sentencing hearing on April 6, 2009. At the sentencing hearing, the Court found that Petitioner qualified for a two-level reduction for acceptance of responsibility, decreasing Petitioner's total offense level to 35, and decreasing his advisory guideline range to 292 to 365 months. See (Id., Doc. No. 390: Statement of Reasons ("SOR")). The Government also withdrew all but one of the prior convictions listed in the § 851 notice, which decreased Petitioner's statutory minimum sentence from life imprisonment to twenty years of imprisonment. (Id.). The Court ultimately sentenced Petitioner to 292 months of imprisonment and issued the judgment on April 15, 2009. (Id., Doc. No. 389: Judgment). Petitioner did not appeal.

More than three years later, on November 12, 2012, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, seeking relief from his designation as a career offender in light of Simmons.[1] (Doc. No. 2). On August 20, 2013, this Court ordered the Government to respond to Petitioner's motion. (Doc. No. 6). The Government filed its Response on October 24, 2013.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the

---

[1] Petitioner initially sought relief under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and the writs of coram nobis and audita querela. (Doc. No. 2). Petitioner subsequently dismissed the claims under § 2241, coram nobis, and audita querela. (Doc. No. 3).

3

argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Because Petitioner did not appeal, his conviction became final ten days after entry of judgment on April 15, 2009. Since Petitioner did not file his Section 2255 motion to vacate until November 12, 2012, his motion is therefore subject to dismissal as untimely under Section 2255(f)(1), and none of the other time periods set forth under Section 2255(f) applies. Moreover, even if the Court were to apply equitable tolling to Petitioner, he would still not be entitled to Simmons relief because he received a sentence that was within the statutory maximum sentence allowed. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012).

In addition to the fact that the Section 2555 petition is time-barred and without merit, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

4

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 2), is **DENIED** and **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 30, 2013

Richard L. Voorhees
United States District Judge